Modified.

### In re MURRAY et al.
### Patent Appeal No. 2796.

Court of Customs and Patent Appeals.
Dec. 7, 1931.

Milans & Milans, of Washington, D. C. (Usina & Rauber, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner, rejecting, for want of invention over the prior art, claims 5, 20, 22, 26, and 27 of appellant's application, filed on December 4, 1923.

Of the claims on appeal, Nos. 5, 20, and 22 are representative and read as follows:

"5. A structure of the character described including in combination a bank of approximately horizontal water tubes heated by convection from the combustion gases, a vertical wall, vertical boiler tubes extending below the horizontal tubes alongside of and adjacent to the wall so as to shield said wall and to be exposed to the radiant heat of the burning fuel on their inner side only and a header below the top of said bank and above said vertical tubes from which the latter are suspended with freedom to expand downward."

"20. A boiler having over head water tubes heated by convection from the heating gases and having a furnace with a combustion chamber below said tubes, said furnace having a side wall and a set of upright water tubes alongside the same, said wall and upright tubes being independently supported and being expansible one with relation to the other."

"22. A furnace including an outer wall on the inner side of which is a single line of upright water tubes close to said wall so as to prevent circulation of heating gases between the tubes and the wall and exposed to the gases on their inner faces, and a protecting wall over the inner face of only the lower portion of said line of upright tubes."

The references relied on are:
Renshaw, 168,923, October 19, 1875.
Renshaw, 178,251, June 6, 1876.
Turgan, 652,866, July 3, 1900.
See, 728,996, May 26, 1903.
Junkers, 1,125,113, January 19, 1915.
Branczik, 1,192,848, August 1, 1916.
Sargent et al., 1,311,467, July 29, 1919.
Thomsen (German), 106,979, of 1899.

Appellant's application discloses a boiler having a set of inclined overhead water tubes. In addition, there are vertical tubes at the sides of the combustion chamber, close to the refractory walls. The refractory walls are supported on the foundation of the entire structure, and arrangement is made permitting their expansion in an upward direction. The vertical tubes aforementioned have flanges which overlap each other, thereby closing the space which would normally exist between said tubes; but this feature is not included in the claims here in issue. These tubes are suspended by means of rods attached to straps around the upper headers; these rods at their upper extremities are fastened to channels which, in turn, are supported by the steel work at the top of the structure. In addition, the lower portions of these wall tubes are protected from radiant heat by means of a wall of insulating material. The lower extremities of these tubes are so arranged that the tubes may expand in a downward direction, arrangement also being provided for

such expansion downwardly of those tubes which are necessarily shortened by the opening for the door of the boiler.

With regard to claims 5, 20, 26, and 27, the board stated that it regarded them as devoid of patentability in view of the references and reasons stated by the examiner in his statement. The board further said with respect to these claims: " * * * In all water tube boilers provision must be made for the expansion and contraction of the tubes and whether the said tubes be supported so as to expand in a downward or in an upward direction is believed to be a matter of judgment or choice. In the patents to Sargent et al., Branczik and See the tubes are so supported as to expand in a downward direction, as claimed by the applicant."

The examiner in his statement rejected said claims upon the references Sargent et al., Branczik, or See, stating that Sargent shows a refractory wall supported by beams independently of the boiler tubes, and that he provides tubes for the specific purpose of protecting the wall from radiant heat, also that the Sargent reference shows that tubes that would protect the wall from radiant heat are free to expand downwardly independently of the refractory wall. He further stated, with respect to claim 5, that the invention, if any, evidently resided solely in the vertical wall tubes and not in combination with a specific boiler. With respect to said claims 5, 20, 26, and 27, both of the tribunals of the Patent Office have concurred in finding that said claims lack invention in view of the references cited. We are not convinced that these tribunals were wrong in so holding, and the well-established rule, that concurring decisions of the Patent Office tribunals on questions of fact will not be disturbed unless manifestly wrong, applies.

Claim 22 was rejected by the examiner on the Sargent reference in view of Junkers or Thomsen. The board held that this claim was not fairly anticipated by the patents relied upon by the examiner, but that said claim fails to define anything of a patentable nature over Renshaw, No. 168,923. It will be observed that the elements of this claim comprise upright water tubes on the inner side of an outer wall, close to said wall so as to prevent circulation of heating gases between the tubes and the wall, said tubes being exposed to the heating gases on their inner faces, with an additional element of a protecting wall over the inner face of only the lower portion of said line of upright tubes. The said Renshaw reference shows a plurality of lines of tubes, one line of which is shown

by the drawings to be close to and abutting upon the inner side of an outer wall, and clearly meets the structure set out in the claim comprising this element. Renshaw also shows the side walls of the furnace extending upwardly from the grate, and to a degree said wall constitutes a protecting wall over the inner face of only the lower portion of the tubes closer to the inner face of the outer wall. It is true that because of the character of appellant's construction a higher degree of protection is afforded to the lower portion of his line of upright tubes, but nevertheless Renshaw does show a protecting wall and it is clear that such wall would protect, to some degree at least, the lower portion of the tubes shown by Renshaw.

Therefore we agree with the Board of Appeals that claim 22 fails to define anything of a patentable nature over the said Renshaw reference.

The decision of the board is affirmed.

Affirmed.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

